# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS H. L. BARFELL,
      Plaintiff,

v.                                                                                                                            Case No. 21-C-725

DEPARTMENT OF CORRECTIONS, et al.,
      Defendants.

## ORDER

Plaintiff Thomas H. L. Barfell, who is confined at the Columbia Correctional Institution, filed a *pro se* amended complaint (ECF No. 14) alleging that the defendants violated his constitutional rights. I screened the amended complaint and determined that the plaintiff did not state a constitutional claim because the defendants' alleged decisions to deny the plaintiff's repeated requests for an endoscopy appeared to be a mere disagreement with the course of treatment which did not implicate the Eighth Amendment because it was not clear whether the defendants treated or tried to treat the plaintiff's pain and other serious symptoms. ECF No. 19 at 6-7. I gave the plaintiff an opportunity to file a second amended complaint clarifying whether the defendants have provided him with any medical care or treatment for his symptoms. The plaintiff has filed four amended complaints. ECF Nos. 20, 23, 25, 27. I will screen the latest amended complaint he filed (ECF No. 27), which was docketed as the fourth amended complaint. The plaintiff has also filed a motion for preliminary injunction, motion for sanctions and order, motion for order to allow access to law library, motion for order requesting medical records, and motion to compel. ECF Nos. 29, 30, 31, 36, 42. I address these motions herein.

# I. SCREENING OF FOURTH AMENDED COMPLAINT

A. <u>Standard of Review</u>

Under the Prison Litigation Reform Act, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *See D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 792, 798 (7th Cir. 2015). I construe *pro se* complaints liberally and hold them to a less stringent standard than those drafted by lawyers. *See Cesal*, 851 F.3d at 720.

B. <u>Fourth Amended Complaint's Allegations</u>

The plaintiff is suing Nurse Buchanan, Nurse Block, Nurse Denise, Nurse Alt, Dr. Ribault, Jane Doe Nursing Staff, Department of Corrections, Mary Leiser, CCI Unit Manager Fink, DOC Policy Advisor, Nurse Amino, Lt. Morgan, and Warden Fuchs. The plaintiff alleges that when he arrived at Columbia Correctional Institution (CCI) on April 15, 2021, he told Nurse Jane Doe that he had Hepatitis C and that his symptoms included vomiting, loss of appetite, lethargy, and pain. The plaintiff also told her that he had GERD, that in May 2020 a doctor had scheduled him for an endoscopy, and that he never received the procedure. In addition, the plaintiff told Nurse Jane Doe that "meds" were not helpful for his ongoing symptoms. ECF No. 27 at 2. Nurse Doe did not address these issues that day.

The next day, the plaintiff submitted a form to the Health Services Unit (HSU) requesting medical care. When the plaintiff still had not been seen on April 28, 2021, he submitted another form attempting to obtain treatment for his Hepatitis C and GERD. The plaintiff stated that he was in pain and could not sleep. A Jane Doe nurse wrote back and told him he would be scheduled to be seen. On April 30, 2021, the plaintiff submitted another form in which he reported the same symptoms and asked why he was being ignored. A Jane Doe nurse replied that an appointment was scheduled with the gastroenterologist.

On May 10, 2021, Nurse Denise saw the plaintiff and told him she could not help him and that he would need to be seen by a doctor. She also told him that a doctor would not be able to address all his issues because the doctor only had time to address two issues at a time. That night the plaintiff submitted a form to Nurse Buchanan asking why

3

Case 2:21-cv-00725-LA   Filed 01/20/22   Page 3 of 14   Document 43

B. <u>Fourth Amended Complaint's Allegations</u>

The plaintiff is suing Nurse Buchanan, Nurse Block, Nurse Denise, Nurse Alt, Dr. Ribault, Jane Doe Nursing Staff, Department of Corrections, Mary Leiser, CCI Unit Manager Fink, DOC Policy Advisor, Nurse Amino, Lt. Morgan, and Warden Fuchs. The plaintiff alleges that when he arrived at Columbia Correctional Institution (CCI) on April 15, 2021, he told Nurse Jane Doe that he had Hepatitis C and that his symptoms included vomiting, loss of appetite, lethargy, and pain. The plaintiff also told her that he had GERD, that in May 2020 a doctor had scheduled him for an endoscopy, and that he never received the procedure. In addition, the plaintiff told Nurse Jane Doe that "meds" were not helpful for his ongoing symptoms. ECF No. 27 at 2. Nurse Doe did not address these issues that day.

The next day, the plaintiff submitted a form to the Health Services Unit (HSU) requesting medical care. When the plaintiff still had not been seen on April 28, 2021, he submitted another form attempting to obtain treatment for his Hepatitis C and GERD. The plaintiff stated that he was in pain and could not sleep. A Jane Doe nurse wrote back and told him he would be scheduled to be seen. On April 30, 2021, the plaintiff submitted another form in which he reported the same symptoms and asked why he was being ignored. A Jane Doe nurse replied that an appointment was scheduled with the gastroenterologist.

On May 10, 2021, Nurse Denise saw the plaintiff and told him she could not help him and that he would need to be seen by a doctor. She also told him that a doctor would not be able to address all his issues because the doctor only had time to address two issues at a time. That night the plaintiff submitted a form to Nurse Buchanan asking why

Case 2:21-cv-00725-LA   Filed 01/20/22   Page 3 of 14   Document 43

the doctor had a time limit. The plaintiff submitted forms asking why he needed to by seen by a doctor or gastroenterologist before he received his Hepatitis C treatment. Nurse Buchanan responded that they needed to evaluate him and his general health before ordering treatment.

On June 3, 2021, the plaintiff saw Dr. Ribault. The plaintiff told him he needed Hepatitis C treatment and an endoscopy for his GERD, and that his medications were not helping relieve his symptoms. Dr. Ribault told the plaintiff there was nothing he could do and that he would have to be patient. He also told the plaintiff that he would not receive an endoscopy at CCI because it cost too much and because the plaintiff had less than a year left on his prison sentence. In addition, Dr. Ribault told the plaintiff that he probably would not receive Hepatitis C treatment because of the cost and short time he had remaining in prison.

On June 10, 2021, the plaintiff saw a gastroenterologist and she ordered an endoscopy. The plaintiff spoke with Nurse Block, Nurse Buchanan, Nurse Denise, and Nurse Alt on separate occasions, and they continued to deny him an endoscopy.

On June 26, 2021, the plaintiff submitted a form to the doctor advising him that his medications were not working. Nurse Denise responded by stating that there was no order for an endoscopy. Three days later, the plaintiff submitted another form to the HSU. He stated that he had missed his endoscopy in 2020, he was in pain, his symptoms continued, and the medication was not helpful. Nurse Alt responded by saying, "Nurse Denise already answered your questions. I'm sorry you didn't like the answers." ECF No. 27 at 6.

4

Case 2:21-cv-00725-LA   Filed 01/20/22   Page 4 of 14   Document 43

On August 3, 2021, the plaintiff submitted two forms to the HSU. He told them that the gastroenterologist said she would order an endoscopy and asked them if they could check on that. He also informed them of his symptoms, which continued to worsen, and the pain he was experiencing. The plaintiff further told them that he was on Maalox, Ranitidine, Tums, Sucralfate, pantoprazole, and omeprazole and none had been helpful. Nurse Alt responded by stating that the plaintiff could address this when he saw the gastroenterologist again in fourteen weeks. The plaintiff saw Nurse Denise on August 17, 2021. She took his vitals and said that even though he was in pain there was nothing they could do. She told the plaintiff she would contact the gastroenterologist, but she never did. On August 26, 2021, the plaintiff submitted a form to HSU stating, "you can't justify not allowing me an endoscopy by saying I'm on medications. I told you several times that medications haven't been helpful." *Id.* at 7-8. That day, the plaintiff submitted four more forms to the HSU Manager, Buchanan, raising this same issue.

On September 3, 2021, the plaintiff began experiencing stomach pain, "puking," and constipation from excessive amount of Maalox. The Maalox label says to not take the medication for more than fourteen days and he had been taking it for nine months. The plaintiff continued to submit forms to the HSU complaining about his symptoms and his prescribed medication not working. Between September 19 and 22, 2021, the plaintiff told five different officers of his worsening chest/throat pain and his trouble breathing. They contacted HSU Manager Buchanan, Assistant Manager Block, Nurse Alt, and Nurse Denise, who all refused to see him. On September 22, the plaintiff saw Nurse Amino, who took his vitals and who did as much as she could to help him, "which wasn't much because she wasn't a doctor and couldn't schedule an endoscopy." *Id.* at 10. Nurse Amino told the

plaintiff he would see the doctor. The plaintiff also informed the warden that he was in great pain and was having trouble breathing and that he would die if he did not get help. The warden told the plaintiff he would contact his unit manager to assist him.

On September 28, 2021, a Jane Doe Nurse refused to treat the plaintiff because she said he was being disrespectful. The plaintiff was supposed to see a doctor on August 17, September 28, and several other times but he has still not seen a doctor. He was supposed to see the gastroenterologist on October 7, 2021, but Nurse Block cancelled his appointment.

On October 13, 2021, the plaintiff was in the HSU and he informed Nurse Block of his chest pain and trouble breathing. She informed him he would need to wait in the waiting room for about two hours until med pass was completed. Later that day, the plaintiff was back on his unit and told Sgt. Vyres he was having trouble breathing and his chest hurt. Nurse Block told him she was not going to see the plaintiff. He asked to speak to the unit manager, Fink, who came on the unit and yelled at the plaintiff "your not gonna be seen, go back to your cell, if you don't I'm gonna write you up." *Id.* at 16.

The plaintiff is suing "Denise, Block, Buchanan, Alt, Jane Doe Nursing Staff, and Dr. Ribault for denying me care and not allowing me to see a doctor. I am seeking money damages." ECF No. 27 at 13. He is also suing "CCI and the Department of Corrections for their policies that deny me care, until I see a GI, I am not seeking money damages from CCI or the DOC. I am only attempting to change policies." *Id.* The plaintiff is also "seeking injunctive relief, my pain continues to worsen and I continue to be ignored the fact that I informed Block, Buchanan, Denise, Alt, Ribault, and Jane Doe Staff that I was in pain and having trouble breathing, but not being seen by a doctor or nurse other than

6

having vitals taken or the delay in being seen shows deliberate indifference." *Id.* The plaintiff also sues Mary Leiser for repeatedly denying or rejecting his inmate complaint, thereby not allowing him exhaust his administrative remedies.

Separately, the plaintiff complained about not receiving a COVID vaccine when he wanted one and not receiving T-Gel for his itchy scalp.

For relief, the plaintiff seeks injunctive relief, compensatory damages, and punitive damages.

C. Analysis

As an initial matter, the plaintiff cannot proceed against the Wisconsin Department of. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." *Andreola v. Wisconsin*, 171 F. App'x 514, 515 (7th Cir. 2006). Because it is not subject to suit under 42 U.S.C. § 1983, the Wisconsin Department of Corrections is subject to dismissal.

Next, the plaintiff cannot proceed against Mary Leiser for returning his grievance forms and not allowing him to exhaust his administrative remedies. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a complete act of misconduct does not." *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *see also Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (alleged mishandling of state

inmate's grievances by persons who otherwise did not cause or participate in the underlying conduct did not state claim for constitutional violation).

I now turn to whether the plaintiff states a claim against the remaining defendants: Nurse Buchanan, Nurse Block, Nurse Denise, Nurse Alt, Dr. Ribault, Jane Doe Nursing Staff, CCI Unit Manager Fink, DOC Policy Advisor, Nurse Amino, Lt. Morgan, and Warden Fuchs. A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea*, 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The subjective component requires the plaintiff to allege that the official actually knew of, but disregarded, a substantial risk to the inmate's health. *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017) (citing *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994)). A failure to act in the face of an obvious risk of which the official should have known is insufficient to make out a claim. *Id.* (citing *Farmer*, 511 U.S. at 836-38).

The plaintiff alleges that the medical care he has received at CCI is not effective and that he has repeatedly informed medical staff that his symptoms, including pain and other serious symptoms, have persisted. The plaintiff may proceed on an Eighth Amendment claim against defendants Nurse Buchanan, Nurse Block, Nurse Denise, Nurse Alt, Dr. Ribault, and Jane Doe Nurses[1] based on allegations that they knew the treatment the plaintiff was receiving was not working and they did not address the plaintiff's medical issues, resulting in ongoing pain and suffering. In addition, the plaintiff may proceed on an Eighth Amendment claim against Dr. Ribault in his official capacity based on allegations that the plaintiff could not receive effective medical care because of the cost of the treatment and because he was going to be released from prison soon; this claim appears to be based on prison or DOC policy.

The plaintiff does not allege that defendants Unit Manager Fink, DOC Policy Advisor, Nurse Amino, Lt. Morgan, or Warden Fuchs were directly involved in denying his requests for medical care. Thus, he may not proceed on a claim against these defendants. Lastly, the plaintiff may not proceed on a claim related to his allegations regarding a delay in receiving a COVID vaccine or T-Gel for his dry scalp. These allegations are secondary to the plaintiff's primary claim, do not involve all the same defendants, and do not belong in this case. See Fed. R. Civ. P. 20(a)(2). Moreover, they do not state plausible claims for relief because the vaccine allegations appear to involve a mere delay in receiving the vaccine, while the T-Gel was not provided periodically because it was "out of stock."

---

[1] The plaintiff will need to use discovery to identify the Jane Doe Nurse defendants.

## II. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The plaintiff has filed a motion for preliminary injunction in which he seeks transfer to another institution for his safety and well-being. He states that his medical issues are life-threatening and are not being given attention, and that the individuals involved in this case are showing signs of retaliation. The plaintiff states that he was recently given an additional six months to his sentence, to be served at CCI. His release date is now April 8, 2022 and he says he will not "make it" until that date with his current medical conditions.

Given the seriousness of the plaintiff's allegations, I will direct the defendants to file a response to the plaintiff's motion that addresses his medical condition within twenty-one days of the date of this order.

## III. PLAINTIFF'S OTHER MOTIONS

On November 29, 2021, the plaintiff filed a motion for order and sanctions. ECF No. 30. At the top of this motion, the plaintiff listed the case number for this case and for two other cases he is litigating before me (20-cv-1801 and 21-cv-426). He states that on November 14, 2021, he submitted documents (including HSU forms, requests, complaints, complaint appeals, and motions) to the library for e-filing for these three matters and as of November 22, 2021, the documents have not been returned to him. The plaintiff states that he followed up with the library and that the next day he received a response stating that the documents had already been e-filed. The plaintiff states that these documents are missing, and he does not have copies. He asks that the court impose sanctions on the defendants because they are part of the Wisconsin Department of Corrections.

I cannot order sanctions against the library staff at CCI. If the plaintiff is still missing documents in this case, he may notify the defendants of what specifically he is missing and perhaps counsel for the defendants could contact a representative of the institution to facilitate the return of any of the plaintiff's documents that he needs to litigate this case.[2] I will deny the plaintiff's motion for order and sanctions. If the plaintiff needs to file another motion related to missing documents, he must limit his filing to this case only. He should not submit documents to the court to be filed in multiple of his cases.

Next, the plaintiff has filed a motion for order to allow access to law library. ECF No. 31. Again, he included the case number for this case and for two of his other cases (20-cv-1801 and 21-cv-426) at the top of the motion. The plaintiff states that he has been trying to use the law library since October 24, but that staff have not let him. Due to deadlines in his three cases, the plaintiff requests that I order his institution to allow him to use the law library. In this case, the plaintiff has no deadlines at this time. If the plaintiff needs an extension of time to a future deadline, he may file a motion for extension of time in this case. However, I will not order the institution to give him more library time. **The plaintiff is reminded that he should not submit any more filings to be applied in multiple of his cases. He must limit any case filing to be applied to one case.**

The plaintiff has filed a motion requesting medical records. ECF No. 36. He asks the court to order the defendants to request his medical records from this Winnebago County Jail. The plaintiff's motion is premature. Once the defendants file a responsive

---

[2] On December 29, 2021, the plaintiff filed a motion along with 294 pages of miscellaneous requests and DOC documents. ECF No. 36, 36-1. This filing may be the documents the plaintiff references in the instant motion.

11

Case 2:21-cv-00725-LA   Filed 01/20/22   Page 11 of 14   Document 43

pleading to the fourth amended complaint, the court will issue a scheduling order setting deadlines for the completion of discovery and filing dispositive motions. The parties may not begin discovery until after the court enters the scheduling order. The plaintiff should review the attached guide, Answers to Prisoner Litigants' Common Questions, for guidance on the discovery process.

On January 20, 2022, the plaintiff filed a motion to compel. ECF No. 42. He requests a court order compelling Warden Fuchs to allow him to have another inmate sign declarations and affidavits in front of a notary for this case. For the reasons stated in the preceding paragraph, the plaintiff's motion related to discovery is premature.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the fourth amended complaint (ECF No. 27) is the operative complaint. The plaintiff may proceed on Eighth Amendment claims against defendants Nurse Buchanan, Nurse Block, Nurse Denise, Nurse Alt, and Dr. Ribault, as described herein. All remaining claims and defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that the defendants file a response to the plaintiff's motion for preliminary injunction (ECF No. 29) within **21 days of the date of this order**. The defendants' response should address the plaintiff's current medical condition.

**IT IS FURTHER ORDERED** that the plaintiff's motion for sanctions (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order requesting medical records (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (ECF No. 42) is **DENIED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the fourth amended complaint (ECF No. 27) and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Nurse Buchanan, Nurse Block, Nurse Denise, Nurse Alt, and Dr. Ribault. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[3] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that plaintiff may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2022.

                                                    s/Lynn Adelman
                                                    LYNN ADELMAN
                                                    United States District Judge