# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS H. L. BARFELL,
    Plaintiff,

v.                                                              Case No. 21-C-725

LUCINDA BUCHANAN, JUSTIN RIBAULT,
MELISSA BLOCK, DENISE VALERIUS,
and BONNIE ALT,
    Defendants.

## ORDER

    Plaintiff Thomas Barfell, who is confined at the Columbia Correctional Institution, filed this civil rights case alleging that the defendants have failed to properly treat his Hepatitis C and Gastroesophageal reflux disease (GERD). I screened the fourth amended complaint (ECF No. 27) and allowed the plaintiff to proceed on an Eighth Amendment claim against defendants Nurse Buchanan, Nurse Block, Nurse Denise, Nurse Alt, Dr. Ribault, and Jane Doe Nurses based on allegations that they knew the treatment the plaintiff was receiving was not working and they did not address the plaintiff's medical issues, resulting in ongoing pain and suffering. ECF No. 43 at 9. I also allowed the plaintiff to proceed on an Eighth Amendment claim against Dr. Ribault in his official capacity based on allegations that the plaintiff was not provided effective medical care because of the cost of treatment and because he was going to be released from prison soon. *Id.* This order addresses the plaintiff's motion for preliminary injunction and several other motions he has filed.

# I. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The court's order screening the plaintiff's fourth amended complaint stated that the plaintiff had filed a motion for preliminary injunction (ECF No. 29) in which he sought transfer to another institution and in which he alleged that the defendants were ignoring his life-threatening medical issues, the individuals involved in this case were showing signs of retaliation, and that he did not think he would "make it" until his April 8, 2022, release from prison with his current medical condition. I directed the defendants to file a response to the plaintiff's motion for preliminary injunction that addressed the plaintiff's medical condition. The defendants have filed a response in which they contend that the plaintiff's motion should be denied because the plaintiff's GERD diagnosis is not life-threatening and because the Health Services Unit has treated and eradicated his Hepatitis C infection. ECF No. 50 at 1-2.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that: (1) plaintiff has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) plaintiff will likely suffer irreparable harm in the absence of preliminary relief. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Mays*, 974 F.3d at 818 (citing *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis

Case 2:21-cv-00725-LA   Filed 03/31/22   Page 2 of 10   Document 92

involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays*, 974 F.3d at 818 (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

In the context of prisoner litigation, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

When I ordered the defendants to respond to the plaintiff's motion for preliminary injunction, I was primarily concerned with the plaintiff's insistence that the defendants were ignoring his medical conditions, which he described as life-threatening. The defendants' response to the plaintiff's motion demonstrates that the plaintiff's life is not in danger. Rather, he has received treatment for his medical conditions. The plaintiff's Hepatitis C infection has been treated and eradicated. ECF No. 50 at 4-5. In addition, the plaintiff has received ongoing treatment for his GERD-related complaints. Specifically,

> HSU has attempted to relieve Barfell's complaints related to GERD through medications, including Famotidine, Randitine, Omeprazole, Pantoprazole, Liquid antacid, sodium bicarbonate and Sucrate, as well as education on lifestyle changes to ease symptoms. Barfell was also advised to avoid using excessive amounts of Ibuprofen and Excedrin several times by nursing and ACPs, as this could contribute to his symptom. ACPs have also ordered diagnostic testing (such as ultrasounds and x-rays and blood

3

Case 2:21-cv-00725-LA   Filed 03/31/22   Page 3 of 10   Document 92

> work) to rule out any other potential causes of his GERD. Barfell has also been referred to outside specialists. (Kramer Decl. ¶68.)
>
> While Barfell may continue to experience unpleasant symptoms related to his GERD, NP Kramer has no reason to believe his GERD symptoms are life-threatening. (Kramer Decl. ¶67.)
>
> Likewise, while Barfell has complained about chest/throat pain, which can be related to GERD, and trouble breathing, NP Kramer has been trying to determine the cause of his complaints of trouble breathing by physical exam, including auscultating lungs, checking vital signs and O2 saturations, which have never indicated impaired respiratory status. She has ordered an EGD, which should provide more information on any anatomical cause of this pain. Barfell previously had a chest x-ray ordered as part of his cardiac work up, which was normal, but the chest x-ray would also have included views of the lungs that could identify any abnormalities. (Kramer Decl. ¶68.)
>
> NP Kramer has repeatedly discussed that it may be hard to complete an EGD and GI follow-up prior to his release, but he could keep scheduled appointments when he is released. They also discussed that the GI clinics were behind because of the previous pandemic restrictions in the community so scheduling now would prevent any delays than if he scheduled later. (Kramer Decl. ¶69.)

ECF No. 50 at 10-11.

The plaintiff filed a reply in which he contends that the treatment he has received is inadequate. ECF No. 63. He states that his endoscopy and EGD have been unnecessarily delayed and that he is asking to be seen by medical staff when he has chest pain and trouble breathing. The plaintiff has also filed a supplement to his motion for preliminary injunction. ECF No. 73. In this filing, the plaintiff requests to alter the relief he seeks in his motion for preliminary injunction:

> I am only seeking to be seen when I need to be seen for issues like chest pain and trouble breathing, my appointments to stop getting cancelled, my meds to get issued, my HSU requests to get responded to like they're supposed to per policy, the EKG I was told I need 3 months ago. The GI visit I was supposed to have 5 months ago, my bland diet back, my emergency call button to work in my cell, my appointment with the NP I was

supposed to have 3 weeks ago. The EGD I was supposed to have almost 2 years ago, an ultrasound before I eat (with an empty stomach) which is the correct way to do it, as they might not be able to see correctly, and my medical complaints to get addressed like they're supposed to per policy, instead of taking longer than 45 days every time, just to be dismissed.

ECF No. 73.

Based on the plaintiff's reply and his supplement, he no longer seeks transfer to a new institution because he believes his life is in danger but, rather, he seeks specific treatments for his medical conditions. The defendants' response demonstrates that the plaintiff has received ongoing, consistent care for his Hepatitis C (which has been eradicated) and for his GERD. ECF Nos. 50, 51. The plaintiff does not agree with the treatment he has received. However, the Eighth Amendment does not reach disputes concerning the exercise of a professional's medical judgment, such as disagreement over whether one course of treatment is preferable to another. *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017) (citing *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976). The plaintiff is not currently suffering from life-threatening health conditions, his Hepatitis C has been eradicated, and he has received ongoing treatment for his GERD. Moreover, the plaintiff has not shown that he has a likelihood of succeeding on the merits of his medical care claim. For all of these reasons, I will deny his motion for preliminary injunction.

## II. PLAINTIFF'S MOTIONS FOR RECONSIDERATION

The plaintiff has filed a letter regarding several concerns he has with the court's order screening his fourth amended complaint. ECF No. 48. He states that several individuals were dismissed that should not have been, such as the John and Jane Doe defendants and the Warden. He also states that he incorrectly named Justin Ribault in

5

Case 2:21-cv-00725-LA   Filed 03/31/22   Page 5 of 10   Document 92

his fourth amendment complaint, and that the correct name of the doctor is Gilbert Steffanides. Next, the plaintiff states that he should have been permitted to sue the Department of Corrections and Columbia Correctional Institution because he is challenging policies. He also states that he should be allowed to proceed against Director of Health Care Administration Michael Rivers, Medical Director Paul Bekx, and Administrator Sarah Cooper.

The plaintiff has filed another motion for reconsideration regarding the screening order. ECF No. 54. In this filing, he states that the court improperly dismissed several individuals from the "ICE department." *Id.* at 1. Specifically, he contends that Mary Leiser was improperly dismissed. He states that he is not claiming that she acted with deliberate indifference but rather he sues her for "affirmative misconduct" because she returned every complaint form that he submitted at Columbia. The plaintiff contends that Mary Leiser violated policy and prevented him from exhausting his administrative remedies.

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir.1987); compare *Moro v. Shell Oil*

6

*Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

As stated above, upon screening the plaintiff's fourth amended complaint, the court allowed the plaintiff to proceed on an Eighth Amendment claim against defendants Nurse Buchanan, Nurse Block, Nurse Denise, Nurse Alt, Dr. Ribault, and Jane Doe Nurses based on allegations that they knew the treatment the plaintiff was receiving was not working and they did not address the plaintiff's medical issues, resulting in ongoing pain and suffering. ECF No. 43 at 9. The court noted that the plaintiff would need to use discovery to identify the Jane Doe Nurse defendants. *Id.* at 9 n.1. However, the court erroneously failed to include the Jane Doe defendants along with the names of the defendants against whom the plaintiff was allowed to proceed, which resulted in the erroneous dismissal of the Jane Doe Nursing defendants. *Id.* at 12. This order will correct that error.

On the other hand, the plaintiff has not shown that the court erred in dismissing the Department of Corrections[1], Warden Fink, Mary Leiser, or the other defendants that were dismissed when it screened the fourth amended complaint. Finally, to the extent that the plaintiff wants to sue Dr. Gilbert Stefanides instead of the current defendant Dr. Justin Ribault, the plaintiff will need to file another amended complaint naming Dr. Gilbert Stefanides. As addressed below, the plaintiff may file a motion to amend the complaint

---

[1] Columbia Correctional Institution was not named as a defendant in the fourth amended complaint.

along with a proposed amended complaint and he should include all the correct defendants in a proposed amended complaint.

### III. PLAINTIFF'S MOTION FOR SANCTIONS

The plaintiff has filed a motion for sanctions for the defendants' failure to include the copies of unreported cases they filed along with their response to the plaintiff's motion for preliminary injunction, as required by Civil Local Rule 7(j)(2) (E.D. Wis.). ECF No. 76. Since the plaintiff filed his motion for sanctions, the defendants have provided copies of unpublished cases cited in their brief in opposition. ECF Nos. 85, 85-1. In any event, sanctions are not warranted for this situation. See Fed. R. Civ. P. 11(b), (c); *see also* Civil L.R. 1 (The Local Rules "are intended to be enforced primarily upon the Court's own initiative, and the filing of motions alleging noncompliance with a rule may be reserved for egregious cases.") Thus, I will deny the plaintiff's motion for sanctions.[2]

### IV. MOTION FOR ORDER TO ANSWER SUPPLEMENTAL COMPLAINT

The plaintiff has filed a motion requesting that the court order the defendants to answer his supplemental complaint. ECF No. 80. The plaintiff filed a proposed supplemental complaint on February 22, 2022. ECF No. 69. However, he did not file a motion for leave to amend the complaint. *See* Civil L.R. 15(b) (E.D. Wis.) ("A motion to amend a pleading must state specifically what changes are sough by the proposed

---

[2] In their response to the plaintiff's motion for sanctions, the defendants state that they do not oppose allowing the plaintiff additional argument regarding the unpublished cases. However, this is not necessary because additional argument would not change my analysis of the plaintiff's motion. The plaintiff no longer seeks the relief he initially requested in his motion for preliminary injunction and because the parties' filings show that the plaintiff has received treatment for his conditions and that he disagrees with that treatment.

8

amendments. The proposed amended pleading must be filed as an attachment to the motion to amend."). I have not screened the plaintiff's proposed supplement complaint and I will not consider it unless the plaintiff files a motion to amend the complaint along with a proposed amended complaint. I will therefore deny the plaintiff's motion to answer supplemental complaint.

If the plaintiff chooses to file a motion to amend the complaint along with a proposed amended complaint, **he must file it on the enclosed complaint form.** Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, **plaintiff may use up to five additional sheets of paper.** The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

If the plaintiff does not file a motion to amend the complaint along with a proposed amended complaint within twenty-one days of the date of this order, the fourth amended complaint (ECF No. 27) will remain the operative complaint and I will issue a Scheduling Order.

## V. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for preliminary injunction (ECF No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (ECF No. 48) is **GRANTED in part and DENIED in part** as described herein. The Clerk's Office shall add as the following defendant: Jane Doe Nurses.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (ECF No. 54) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for sanctions (ECF No. 75) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to answer supplemental complaint (ECF No. 80) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff may file a motion to amend the complaint along with a proposed amended complaint within twenty-one days of the date of this order and, if he does not do so, the fourth amended complaint (ECF No. 27) will remain the operative complaint and the court will issue a Scheduling Order.

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a prisoner amended complaint form along with this order.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge